FILED

2010 Sep-21  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | | |
|---|---|---|
| HEATHER CRUMPTON, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 3:09-CV-01608-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.      Introduction.

The plaintiff, Heather Crumpton ("Crumpton" or "Plaintiff"), appeals

from the decision of the Commissioner of the Social Security Administration

("Commissioner") denying her application for disability insurance benefits

("DIB").    Crumpton  timely  pursued  and  exhausted  her  administrative

remedies and the decision of the Commissioner is ripe for review pursuant

to 42 U.S.C. § 405(g).

Crumpton was thirty-eight years old at the time of the Administrative

Law Judge's ("ALJ") decision, and she has two years of college education

with an earned certification as an emergency medical technician.   (Tr. at 30.)  Her past work experience includes employment as a mortuary driver, secretary, packer, dispatcher, emergency medical technician, corrections officer, and tax preparer.  (*Id*. at 37.)  Crumpton claims that she became disabled on May 2, 2004, due to fibromyalgia, obsessive compulsive disorder, migraines, severe depression, anxiety, and degenerative joint and spine problems.  (*Id*. at 122.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The first step requires a determination of whether the claimant is "doing substantial gainful activity."  20 C.F.R. § 404.1520(a)(4)(i).  If he or she is, the claimant is not disabled and the evaluation stops.  *Id*.  If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined.  20 C.F.R. § 404.1520(a)(4)(ii).  These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled.  *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340,

1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops.  20 C.F.R. § 404.1520(a)(4)(ii).  Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  *Id.*  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. § 404.1520(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work.  20 C.F.R. §

404.1520(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

If substance abuse is found to be a "contributing factor material to the determination of disability," then the claimant is not considered disabled. 42 U.S.C. § 423(d)(2)(C).  In order to find that substance abuse is "material to the determination," it is key to ascertain whether the claimant would still be considered disabled absent the drug addiction or alcoholism.  20 C.F.R. § 404.1535(b)(1).  If the claimant is not found to be disabled absent the substance abuse, then there is no disability; if the claimant would be disabled without the substance abuse, then the alcoholism or drug abuse is not material to the decision.  20 C.F.R. § 404.1535(b)(2)(i-ii).

Applying the sequential evaluation process, the ALJ found that Crumpton meets the nondisability requirements for a period of disability and DIB and was insured through March 31, 2009.  (Tr. at 26, 28.)  He further determined that Crumpton has not engaged in substantial gainful activity since the alleged onset of her disability.  (*Id.* at 28.)  According to the ALJ, Plaintiff's fibromyalgia, mild facet hypertrophic changes at L4-5 and L5-S1, migraine headaches, depression, anxiety, mild diabetes mellitus, and a

history of prescription drug abuse including opiates and benzodiazepines are considered "severe" based on the requirements set forth in the regulations. (*Id*.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (*Id*. at 29.) The ALJ did not find Crumpton's allegations to be totally credible, and he determined that Crumpton has the residual functional capacity to:

> perform light work, as defined in the Dictionary of Occupational Titles and in the Social Security Regulations, with restriction from climbing ladders, ropes and scaffolding; from exposure to concentrations of extremes of temperature, wetness, and humidity; and from all work at unprotected heights or around dangerous, moving, or unguarded machinery. She has nonexertional impairments which limit her to the performance of work that is simple, routine, and repetitive in nature and which requires no more than the occasional contact or interaction with coworkers and supervisors. She is restricted from jobs requiring interaction with the general public.

(*Id*. at 30.)

Using the testimony of a vocational expert, the ALJ determined that Crumpton would not be able to perform her past relevant work, but

considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Crumpton can perform. (*Id*. at 37.) The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from May 2, 2004[,] through the date of this decision." (*Id*. at 38.)

II.    Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id*. "The substantial evidence standard permits administrative decision makers to act

with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) *(quoting Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400.  No decision is automatic, however, for "[d]espite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion.

Crumpton argues that the ALJ failed to consider the effect of her diagnosis of fibromyalgia on her ability to work.  (Doc. 8 at 4-5.)  She also contends the ALJ failed to properly develop the record when he did not

obtain the treatment records of Dr. Murphy for the year prior to the hearing, and the Appeals Council erred when it did not remand the case to consider the additional records from Dr. Murphy. (*Id*. at 5-6.)

A.    Diagnosis.

The ALJ found that Plaintiff's fibromyalgia was a "severe" impairment. Crumpton argues that the ALJ did not evaluate the impact the "diagnosis or its associated symptoms" of fibromyalgia had on her ability to work. (*Id*. at 4.) However, Plaintiff does not cite any medical evidence or testimony of fibromyalgia symptoms that were allegedly not considered. A diagnosis, alone, does not establish disability. Rather, the Court is concerned with the limitations caused by an impairment and the effects of those impairments on a claimant's ability to work.

The ALJ properly discounted Crumpton's allegations of disabling pain in light of (1) documents showing that her pain was significantly reduced with medication; (2) a lack of objective evidence of functional limitations; and (3) evidence that Plaintiff engaged in daily activities that were inconsistent with her claims of disability. The objective medical and other evidence supports the ALJ's conclusion that Plaintiff's condition did not

cause disabling limitations and shows that she could perform a reduced range of light work with some mental limitations.

B.      Development of the Record.

Plaintiff also argues that the ALJ failed to fully develop the record because he did not obtain records from Crumpton's treating physician, Dr. Murphy, for the year prior to the hearing on May 20, 2008.  "It is well established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).  Pursuant to 20 C.F.R. § 404.1512(d), the Commissioner is obligated to "develop [the claimant's] complete medical history for at least the 12 months preceding the month in which [the claimant] file[s][her] application."  However, "the claimant bears the burden of proving that [s]he is disabled, and, consequently, [s]he is responsible for producing evidence in support of h[er] claim."  *Ellison*, 355 F.3d at 1276; *see also* 20 C.F.R. §§ 404.1512(a), (c)).

Crumpton filed her application on August 15, 2006.  Therefore, the ALJ was required only to develop the record for the twelve months prior to August 2006.  The ALJ obtained records from Dr. Murphy that were dated through May 30, 2007.  And, at the hearing where Plaintiff was represented

by counsel, the ALJ asked if there were any records from Dr. Murphy after May 30, 2007.  Counsel stated that she had not updated the records.  The ALJ held the record open so that Plaintiff could submit medical records from a different doctor, Dr. Hellard.   Plaintiff never asked to submit the additional records from Dr. Murphy, nor did Plaintiff attempt to submit the documents while the record was held open.  (Tr. at 902-04.)  There is no legitimacy to Plaintiff's claim that the ALJ failed to adequately develop the record in this case.

C.    Appeals Council.

Finally, Plaintiff contends that the Appeals Council erred when it failed to remand the case for consideration of the post-March 2007 records from Dr. Murphy.  Crumpton submitted the records to the Appeals Council, which considered the additional evidence but denied review of the ALJ's decision.[1]   "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous."  *Ingram v. Comm'r of*

---

[1]The Appeals Council also considered medical records from Dr. Rebecca Susan Daily and Helen Keller Hospital, and an Electrodiagnostics Report from North Alabama Bone and Joint Clinic.  (Tr. at 9.)

*Social Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007).   The "new evidence" in this case does not make the denial of benefits erroneous.   The Court has thoroughly reviewed the medical records submitted, and agrees with the Commissioner that the additional records are consistent with the records that were considered and discussed by the ALJ.  In the additional records from Dr. Murphy, Plaintiff reports that she is tolerating her pain management well, and no specific functional limitations are noted.  The Commissioner's decision is supported by substantial evidence in the record as a whole.  *Ingram*, 496 F.3d at 1266.

IV.   Conclusion.

After full review of the administrative record and for the reasons outlined above, the Court finds that the Commissioner's decision is supported by substantial evidence and in accordance with applicable law. A separate order will be entered.

Done this 21st day of September 2010.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
139297